UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES KYLES-BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13CV998 SPM |
| UNKNOWN EYMAN, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for a temporary restraining order. Plaintiff alleges that defendants have given him medications that had the adverse result of causing physical injury to his buttocks. Plaintiff says that the prison officials stopped giving him the medication in January 2012. Plaintiff asserts, however, that he still has the pain in his buttocks and that he cannot sit down without experiencing pain. Plaintiff seeks medical treatment for his condition.

Plaintiff submitted his complaint in this action on May 22, 2013. On May 31, 2013, the Court found that the complaint did not comply with the pleading rules of the Federal Rules of Civil Procedure, and the Court ordered plaintiff to submit an amended complaint. Plaintiff has not yet submitted a viable amended complaint.

Because plaintiff is proceeding in forma pauperis, process will only issue after plaintiff submits a non-frivolous complaint. As a result, defendants have not been served with process or made aware of the existence of this action.

Plaintiff's motion for a temporary restraining order does not contain a certificate of service. Therefore, defendants have not been put on notice of the filing of the motion, and the nature of the motion is *ex parte*.

Under Fed. R. Civ. P. 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and
>
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In this case, plaintiff has not submitted an affidavit or verified complaint showing immediate and irreparable injury. As a result, plaintiff is not entitled to an *ex parte* temporary restraining order.

Moreover, to determine whether preliminary injunctive relief is warranted, the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits,

and the public interest. <u>Dataphase Sys. v. CL Sys.</u>, 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). Because plaintiff has not submitted a viable complaint to the Court, he cannot demonstrate a threat of irreparable harm or that he is likely to succeed on the merits. The public interest does not warrant issuing a temporary restraining order in these circumstances. As a result, the motion for a temporary restraining order will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order [ECF No. 7] is **DENIED** without prejudice.

Dated this 30th day of July, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE